Paul J. TRAFFICANTE et al.,
Plaintiffs,

and

Committee of Parkmerced Residents Committed to Open Occupancy et al.,
Plaintiffs in Intervention,

v.

METROPOLITAN LIFE INSURANCE COMPANY et al., Defendants.

No. C–70 1754.

United States District Court,
N. D. California.

Feb. 10, 1971.

George H. Clyde, Jr., Stephen V. Bomse, San Francisco, Cal., for plaintiffs and plaintiffs in intervention.

Edward R. Steefel, Dinkelspiel, Steefel, Levitt, Weiss & Donovan, Robert M. Shea, Kate Clair Freeland, San Francisco, Cal., for defendant Parkmerced Corp.

Richard J. Kilmartin, Knight, Boland & Riordan, San Francisco, Cal., for defendant Metropolitan Life Insurance Co.

## MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT AND COMPLAINT IN INTERVENTION

SCHNACKE, District Judge.

Plaintiffs, residents of the Parkmerced complex of apartments and town houses in San Francisco, brought this action under 42 U.S.C. § 1982 and the fair housing provisions of Title VIII of the Civil Rights Act of 1968, 42 U.S.C., Chapter 45, alleging that defendant Metropolitan, the then owner and operator of Parkmerced, was engaging in discriminatory housing practices in violation of the Act, making Parkmerced what plaintiffs have repeatedly referred to in this litigation as a "white ghetto" and depriving plaintiffs of their alleged right to live in a racially integrated community. A complaint in intervention was filed by community organizations and civic-minded individuals reiterating substantially the same claims. During the course of the litigation Metropolitan sold substantially all its interests in Parkmerced to Parkmerced Corporation, which now operates it and was joined as a defendant.

The threshold question, of course, is whether the plaintiffs have standing to maintain this action. They do not allege, nor can they, that they themselves have deen denied any of the rights guaranteed by Title VIII or by 42 U.S.C. § 1982 to purchase or rent real property. Rather, they assert that the denial of such rights to others not parties to this action violates the policies of the Act and has resulted in denying them the benefits of living in the type of integrated community which Congress hoped to achieve by enacting Title VIII.

The Court, after full review of the voluminous memoranda submitted, has concluded that plaintiffs and plaintiffs in intervention have no such generalized standing as they assert to enforce the policies of the Act. More specifically, they are not "persons aggrieved" under § 810 of the Act, 42 U.S.C. § 3610(a), and therefore may not maintain this suit under § 812, 42 U.S.C. § 3612, or under 42 U.S.C. § 1982. The enforcement of the public interest in fair housing enunciated in Title VIII of the Act and the creation of integrated communities to the extent envisioned by Congress are entrusted to the Attorney General by § 813, 42 U.S.C. § 3613, and not to private litigants such as those before the Court.

In reaching this conclusion the Court is not unmindful of the "private attorneys general" cases heavily relied upon by plaintiffs, including, quite recently, Data Processing Service v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). Each of such cases, however, was brought under the Administrative Procedure Act or otherwise involved action by a government agency and not the activities of private individuals such as are involved here. These cases are extensively reviewed and distinguished in Sierra Club v. Hickel, 433 F.2d 24 (9th Cir. 1970), certiorari granted, Sierra Club v. Morton, 401 U.S. 907, 91 S.Ct. 870, 27 L.Ed.2d 805.

The motions to dismiss are granted and the complaint and complaint in intervention herein are dismissed.